VU NGUYEN[1] **ORIGINAL**
A25-127-894
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143-9049

FILED
07 DEC 11 AM 11:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VU NGUYEN,<br>[A25-127-894],<br><br>      Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>      Respondents. | Civil Action No. 07 CV 2314 L CAB<br><br>PETITION FOR WRIT OF HABEAS CORPUS<br><br>[28 U.S.C. § 2241] |

I.

## INTRODUCTION

The petitioner, Vu Nguyen, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of Janet Tung and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin F. Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John A. Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained at the respondents' detention facility in San Diego, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misapplication of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

Petitioner, a stateless individual born to Vietnamese parents, entered the custody of Respondents over six months ago, on May 21, 2007, where he has remained since. He was ordered removed from the United States by Respondents on June 7, 2007, six months ago. Petitioner cannot be removed to his country of origin or to an alternate country. He is being held in detention by Respondents based upon their misapplication of 8 U.S.C. § 1231(a)(6) to indefinitely detain non-removable aliens.

The petitioner was born in a refugee camp in Hong Kong in 1979, after his parents fled Vietnam. He remained in the refugee camp until 1981, when, at the age of two, he entered the United States as a refugee. He subsequently became a legal permanent resident. Petitioner was ordered removed to Vietnam by an immigration judge on June 7, 2007, after being taken into immigration custody on May 21, 2007. Petitioner waived appeal. Petitioner's order of removal became final as of June 7, 2007. See 8 C.F.R. § 1241.1; see also 8 C.F.R. § 1240.15 (appeals to the BIA must be filed within 30 calendar days of the immigration judge's oral decision.).

The ICE Headquarters Post-Order Detention Unit (HQPDU) conducted a custody review and issued an order to continue detention on September 6, 2007. <u>See</u> Appendix A, attached hereto. The order recommended detention on the grounds that Petitioner had been convicted in 1998 of receiving stolen property, and in 2001 of attempted murder. <u>Id.</u> The order asserted that it "deemed [Petitioner] an extreme danger to the community pursuant to 8 C.F.R. § 241.14." <u>Id.</u> Section 241.14 permits continued detention of "specially dangerous" aliens only if the alien has (1) committed a crime of violence, (2) has a mental condition or disorder that makes him likely to commit future acts of violence, <u>and</u> (3) no conditions of release can be fashioned to assure public safety. Such a determination is subject to the extensive hearing and appeal procedures set forth in § 241.14(g)-(k). <u>See also</u> 8 C.F.R. § 241.14(a)(2) (Immigration judges and the Board of Immigration Appeals has jurisdiction over such determinations). Despite the clear requirements of the regulation, Petitioner's detention order nowhere suggests that any of these procedures have been conducted, or even initiated in any way. They have not. Neither does the order allege that Petitioner even meets the necessary criteria for indefinite psychiatric commitment. He does not. Aside from the bare assertions described above, the detention order offers no explanation of ICE's decision to continue detention in violation of its own regulations.

The order further stated that if Petitioner was not "released or removed from the United States by December 01, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will made a final determination regarding your custody." <u>Id.</u> To date, Petitioner has received no further communication regarding his custody status, and does not know whether HQPDU has made a determination of his status.

At no time during the six months since Petitioner was ordered removed has the United States government received travel documents that would permit his repatriation to Vietnam. <u>See</u> 8 U.S.C. § 1231(b)(2)(A), (D), (E)(iv)-(vi) (deportable alien must be removed first to country designated by him at deportation hearing, then to country of citizenship, then to listed countries, including the country of birth or that country having sovereignty over it at time of the alien's birth or at time of the deportation.). As Vietnam has no repatriation agreement with the United States, it is extremely unlikely that its government will issue travel documents to permit his removal there in the reasonably foreseeable future. Neither have Respondents obtained travel documents that would permit his removal to China. As Petitioner has only a

minimal connection to China–his birth in a refugee camp in Hong Kong–it is highly unlikely that the government of China will issue travel documents for Petitioner in the reasonably foreseeable future. Thus, the United States has had ample opportunities to obtain travel documents, yet has failed to do so. There is therefore no indication that the petitioner can removed to Vietnam, China, or any other country, in the reasonably foreseeable future.

## IV.

## ARGUMENT

### THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in

1  Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of
2  *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended
3  . . . . .") (emphasis in original). When a deportable alien "provides good reason to believe that there is no
4  significant likelihood of removal in the reasonably foreseeable future, the Government must respond with
5  evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials **must** release a
6  deportable alien from custody under appropriate conditions of supervision when no "significant likelihood
7  of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding
8  that federal law does not permit the Attorney General to hold someone "for more than a reasonable period"
9  beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C.
10 § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that
11 a foreign government will accept the alien's return in the reasonably foreseeable future . . . .").

    The petitioner has been detained in the custody of respondents since **May 21, 2007**, and has spent, in total, over six months in immigration custody. In the six months' time since the order of removal became final on June 7, 2007, the United States government has not received travel documents that would permit the petitioner's repatriation to Vietnam. There is no indication that the petitioner can be removed to that country in the reasonably foreseeable future. The ninety day statutory removal period under 8 U.S.C. § 1231 ended on September 5, 2007, over three months ago.

    The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. The six-month period expired on **December 7, 2007**. Petitioner's detention beyond the presumptively reasonable detention period announced in Zadvydas violates §1231(a)(6), because it is not significantly likely that the petitioner can be removed to Vietnam in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future . . . ."). Therefore, the petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.
//

V.

**REQUESTED RELIEF**

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

VI.

**VERIFICATION**

I, Vu Nguyen, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 12-7-07

VU NGUYEN
Petitioner

# APPENDIX A

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

NGUYEN, Vu Kheu
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have been convicted of two separate crimes. The first occurring on September 14, 1998, for which you were convicted of Receiving Known Stolen Property. For that offense you were sentenced to two years in State Prison. The second conviction occurred on March 01, 2001. For this offense you were convicted of Attempted Murder and sentenced to eight years in State Prison. Based on those facts, you are deemed an extreme danger to the community pursuant to 8CFR 241.14.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by December 01, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____          _____
Robert Culley, Deputy Field Office Director, San Diego, CA                Date     9/6/7

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

      # 145398      - SR

      December 11, 2007
           11:44:33


            Habeas Corpus
      USAO #.: 07CV2314 HABEAS
      Judge..: M. JAMES LORENZ
      Amount.:                    $5.00 MO
      Check#.: 11575115864


            Total-> $5.00


         FROM: NGUYEN V. CHERTOFF
               HABEAS
```

**ORIGINAL** **ORIGINAL**

JS 44 (Rev. 3/99)            CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** VU NGUYEN
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**07 CV 2314 L CAB**

**DEFENDANTS** Michael Chertoff, Secretary of the Department of Homeland Security; Michael Mukasey, Attorney General; Robin F Baker Director of San D., Field Office; John Garzon OIC SAN DIEGO

County of Residence of First Listed Defendant    SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

PRO SE

Attorneys (If Known) ~~ROBERT PLAXICO~~ (619) 557-7157
ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES ATTORNEY
880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE     DOCKET NUMBER

DATE 7-25-07    SIGNATURE OF ATTORNEY OF RECORD _Nguyen_

FOR OFFICE USE ONLY
RECEIPT # 145398    AMOUNT 5.-    APPLYING IFP    JUDGE    MAG. JUDGE

12/11/07