ORIGINAL

VU NGUYEN[1]
A25-127-894
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143-9049

FILED
07 DEC 11 AM 11:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

07 CV 2314 L CAB

| | |
|---|---|
| VU NGUYEN, [A25-127-894] | ) Civil Action No. )  ) |
| Petitioner, | ) ) NOTICE OF MOTION AND |
| v. | ) MOTION FOR APPOINTMENT ) OF COUNSEL |
| MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE, | ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) ) |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that the petitioner, Vu Nguyen, will ask this Court to enter an order granting the motion listed below.

---

[1] The petitioner is filing the instant request for appointment of counsel with the assistance of Janet Tung and the Federal Defenders of San Diego, Inc., who drafted the instant motion.

1

## MOTION

The Petitioner, Vu Nguyen, pursuant to the United States Constitution, 18 U.S.C. § 3006A, and all other applicable statutes, case law and local rules, hereby moves this Court for an order appointing him counsel to assist him in his efforts to seek relief from his detention through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

This motion is based upon the instant notice of motion, the incorporated statement of facts and attached memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: 12-7-07

_____
VU NGUYEN
Petitioner

VU NGUYEN
A25-127-894
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143-9049

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VU NGUYEN,<br>[A25-127-894]<br><br>       Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>       Respondents. | Civil Action No.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION |

## I.

### STATEMENT OF FACTS

The petitioner has been ordered removed from the United States by the respondents. However, because he cannot be removed to his country of origin or any alternate country, he is being held by respondents, based upon their misconstrual of their statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

Petitioner, a stateless individual born to Vietnamese parents, entered the custody of Respondents over six months ago, on May 21, 2007, where he has remained since. He was ordered removed from the United States by Respondents on June 7, 2007, six months ago. Petitioner cannot be removed to his country of origin or to an alternate country. He is being held in detention by Respondents based upon their misapplication of 8 U.S.C. § 1231(a)(6) to indefinitely detain non-removable aliens.

The petitioner was born in a refugee camp in Hong Kong in 1979, after his parents fled Vietnam. He remained in the refugee camp until 1981, when, at the age of two, he entered the United States as a refugee. He subsequently became a legal permanent resident. Petitioner was ordered removed to Vietnam by an immigration judge on June 7, 2007, after being taken into immigration custody on May 21, 2007. Petitioner waived appeal. Petitioner's order of removal became final as of June 7, 2007. See 8 C.F.R. § 1241.1; see also 8 C.F.R. § 1240.15 (appeals to the BIA must be filed within 30 calendar days of the immigration judge's oral decision.).

The ICE Headquarters Post-Order Detention Unit (HQPDU) conducted a custody review and issued an order to continue detention on September 6, 2007. See Appendix A, attached hereto. The order recommended detention on the grounds that Petitioner had been convicted in 1998 of receiving stolen property, and in 2001 of attempted murder. Id. The order asserted that it "deemed [Petitioner] an extreme danger to the community pursuant to 8 C.F.R. § 241.14." Id. Section 241.14 permits continued detention of "specially dangerous" aliens only if the alien has (1) committed a crime of violence, (2) has a mental condition or disorder that makes him likely to commit future acts of violence, and (3) no conditions of release can be fashioned to assure public safety. Such a determination is subject to the extensive hearing and appeal procedures set forth in § 241.14(g)-(k). See also 8 C.F.R. § 241.14(a)(2) (Immigration judges and the Board of Immigration Appeals has jurisdiction over such determinations). Despite the clear requirements of the regulation, Petitioner's detention order nowhere suggests that any of these procedures have been conducted, or even initiated in any way. They have not. Neither does the order allege that Petitioner even meets the necessary criteria for indefinite psychiatric commitment. He does not. Aside from the bare assertions described above, the detention order offers no explanation of ICE's decision to continue detention in violation of its own regulations.

The order further stated that if Petitioner was not "released or removed from the United States by

1   December 01, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters
2   Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will made a final determination
3   regarding your custody." Id. To date, Petitioner has received no further communication regarding his
4   custody status, and does not know whether HQPDU has made a determination of his status.

5   At no time during the six months since Petitioner was ordered removed has the United States
6   government received travel documents that would permit his repatriation to Vietnam. See 8 U.S.C.
7   § 1231(b)(2)(A), (D), (E)(iv)-(vi) (deportable alien must be removed first to country designated by him at
8   deportation hearing, then to country of citizenship, then to listed countries, including the country of birth
9   or that country having sovereignty over it at time of the alien's birth or at time of the deportation.). As
10  Vietnam has no repatriation agreement with the United States, it is extremely unlikely that its government
11  will issue travel documents to permit his removal there in the reasonably foreseeable future. Neither have
12  Respondents obtained travel documents that would permit his removal to China. As Petitioner has only a
13  minimal connection to China–his birth in a refugee camp in Hong Kong–it is highly unlikely that the
14  government of China will issue travel documents for Petitioner in the reasonably foreseeable future. Thus,
15  the United States has had ample opportunities to obtain travel documents, yet has failed to do so. There is
16  therefore no indication that the petitioner can removed to Vietnam, China, or any other country, in the
17  reasonably foreseeable future.

18  The respondents continue to hold the petitioner in custody, despite the fact that six months have
19  elapsed. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (requiring a court to evaluate whether the
20  detention of a deportable alien "exceeds a period reasonably necessary to secure removal" and to release an
21  alien when "it has been determined that there is no significant likelihood of removal in the reasonably
22  foreseeable future," after the expiration of a six-month period following the issuance of a final order of
23  deportation or removal); see also Ma v. Ashcroft, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (declaring that
24  "in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period
25  of six months after a final order of removal–that is, three months after the statutory removal period has
26  ended . . . .").

27  The petitioner has less than $100.00 in his account at the San Diego Detention Center. See Prison
28  Certificate, Form CIV-67, Prison Certificate, attached hereto as Exhibit A. Since he is in custody, he does

not have a source of income or employment. Petitioner received his last paycheck of $36.00 from his employment at Centinela State Prison in December 2006. He has no checking, savings or other financial accounts, and does not own an automobile, real property, or other assets. As a result, he cannot afford to retain counsel.

Additionally, petitioner has had no formal legal education or training in the United States or anywhere else. See Declaration of Janet Tung in Support of the Petitioner's Motion, ¶¶ 15-16. Accordingly, the petitioner requests that this Court appoint the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands ready and able to assist the petitioner in this petition. See id. ¶¶ 2-6.

## II.

## ARGUMENT

### THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

Habeas corpus proceedings "are of 'fundamental importance . . . in our constitutional scheme because they directly protect our most valued rights.'" Brown v. Vasquez, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting Bounds v. Smith, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. §3006A(a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); accord Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

As is indicated below, the petitioner is highly likely to succeed on the merits of his claim, but will be unable to effectively articulate his claims through a pro se action, in light of his limited educational background. See Declaration of Janet Tung, ¶¶ 15-16. The petitioner cannot otherwise afford to retain counsel for the litigation of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the appointment of counsel is appropriate.[2]

---

[2] In identical habeas proceedings, the Honorable Roger T. Benitez of the United States District Court for the Southern District of California has appointed the Federal Defenders of San Diego, Inc. as counsel

4

1  **The Petitioner Is Highly Likely to Succeed on the Merits of His Claim.**

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6) authorizes only a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." Zadvydas, 533 U.S. at 689. If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 701; see also Ma, 257 F.3d at 1102 n.5 (declaring that "in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal -- that is, three months after the statutory removal period has ended") (citations omitted). If a deportable alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id. at 699-700; see also Ma, 257 F.3d at 1100 (concluding that federal law mandates release of the alien under 8 U.S.C. § 1231(a)(3) when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future . . . .").

The petitioner has been detained in the custody of respondents **since May 21, 2007**. In the time since he was ordered removed on June 7, 2007, the United States government has not received travel documents that would permit the petitioner's repatriation to Vietnam or any alternate country. As Vietnam has no

---

of record for a similarly-situated petitioner. Casas-Castrillon v. Department of Homeland Security, Case No. 05CV1552-BEN (NLS) (S.D.Cal. Jan. 31, 2006). Likewise, the Honorable Irma E. Gonzalez appointed counsel in Hanna v. INS, Case No. 01CV0382-IEG (JFS) (S.D. Cal. Apr. 26, 2001). The Honorable Napoleon A. Jones has appointed the Federal Defenders of San Diego, Inc., based upon the petitioners' financial eligibility, their likelihood of success on the merits of the habeas petition, the complexity of the legal issues involved in the habeas action, the petitioners' lack of education and limited proficiency in English, and the need for assistance in obtaining discovery from federal immigration officials. See Chaydy v. INS, Case No. 00CV1687-J (JAH) (S.D. Cal. Sept. 1, 2000). Other judges in the United States District Court for the Southern District of California have made similar appointments. See Aphayavong v. INS, Case No. 00CV0804-J (LAB) (S.D. Cal. June 22, 2000); see also Gebru v. INS, Case No. 01CV0625-JM (POR) (S.D. Cal. Jul. 11, 2001); Sahagian v. INS, Case No. 01CV066-BTM (RBB) (S.D. Cal. May 18, 2001); Cao v. INS, Case No. 00CV1991-L (JAH) (S.D. Cal. Oct. 10, 2000).

1 repatriation agreement with the United States, and petitioner has no connection to China aside from the fact
2 of his birth in a refugee camp in Hong Kong in 1979, when Hong Kong was not even a part of China, there
3 is no indication that the petitioner can be removed to either of those countries in the reasonably foreseeable
4 future. The 90-day removal period following the issuance of a final order of deportation ended on
5 September 5, 2007.

The petitioner's detention beyond the presumptively reasonable detention period announced in Zadvydas violates §1231(a)(6), because it is not significantly likely that the petitioner can be removed to Vietnam or an alternate country in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Since there is no evidence that petitioner will indeed be removed in the reasonably foreseeable future, he is highly likely to succeed on the merits of his habeas petition. This circumstance, in conjunction with the following elements, suggests the need for the appointment of counsel.

### B. The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." Rand, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,. . . [or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954 (other internal citations omitted).[3]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. While the Supreme Court's opinion in Zadvydas has clarified many legal issues, several legal issues remain unresolved, including the determination of acceptable conditions of supervision or release. Moreover, the fact that respondents have

---

[3] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

1  not demonstrated full compliance with the Zadvydas mandate, as of the date of this motion, indicates that
2  this litigation still remains necessary. See Declaration of Janet Tung, ¶¶ 9-12.

3    Since the petitioner is in the custody of federal immigration officials, moreover, an analysis of
4  immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole,
5  the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'" United
6  States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002) (citations and internal quotations omitted).
7  In most cases involving an immigration law, "[a] lawyer is often the only person who could thread the
8  labyrinth.'" Id.  The absence of counsel during immigration proceedings will be prejudicial when an
9  attorney could have assisted a litigant in seeking relief under applicable immigration laws, statutes, and
10 cases. Id. at 951-52 (prohibiting the use of a deportation order during a subsequent prosecution for illegal
11 re-entry because the absence of counsel affected the alien's ability to ascertain his eligibility for a waiver
12 of deportation, the viability of a claim of United States citizenship, and his ability to obtain "special
13 permission" to return to the United States after his deportation).

14   The petitioner's lack of expertise in legal issues warrants the appointment of counsel. The petitioner
15 has no post-secondary education in this country, and has never been trained in the practice of law. See
16 Declaration of Janet Tung, ¶¶ 15-16. The absence of any formal legal background or training poses an
17 obstacle to the petitioner's understanding of the issues involved in the instant proceedings, and warrants the
18 appointment of counsel to help him obtain the relief requested in his habeas petition. See Declaration of
19 Janet Tung, ¶ 15-16.

20   Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if
21 it is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is
22 required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the
23 petitioner's habeas petition, including information relating to his criminal history, his bail or parole history,
24 his institutional history, the content of communications between federal immigration officials and the
25 embassy of the petitioner's native country, and other documents relating to his detention by the Bureau of
26 Immigration and Customs Enforcement.

27   The petitioner cannot effectively pursue and obtain discovery from respondents that he will need to
28 adequately present his claims without the assistance of counsel, in light of his limited education and lack

of familiarity with the legal procedures involved in requesting and obtaining discovery. Moreover, the petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file") or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid of counsel. The need for discovery, too, suggests the need for the appointment of the Federal Defenders of San Diego, Inc. in the instant matter.

### C. The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.

The Government must proffer evidence "sufficient to rebut [the] showing by a deportable alien that "good reason [exists] to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Since the Government is required to present evidence to rebut the petitioner's contention that his removal to Vietnam or an alternate country is not likely in the reasonably foreseeable future, an evidentiary hearing may be necessary to litigate disputed issues of fact. See Lawson v. Borg, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); see also Weygandt, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The petitioner lacks a sufficient legal background to advocate for himself during a contested motion hearing. See Declaration of Janet Tung, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the petitioner's rights are adequately protected in contested habeas proceedings.

### D. The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v. Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas petitioners, and to thereby require habeas petitioners to pay full filing fees and court costs.

The petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241, along with the instant motion. Since the petitioner is not filing another civil action for relief from the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his petition for relief, or otherwise penalize the petitioner, for his failure to pay the full amount of filing fees specified in 28 U.S.C. § 1915.

## III.

## CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 12-7-07

_____
VU NGUYEN
Petitioner

# EXHIBIT A

If you are a **prisoner** you must have an officer from your institution provide this official certificate as to the amount of money in your prison account. There are no exceptions to this requirement.

---

## PRISON CERTIFICATE
**(Incarcerated applicants only)**
(To be completed by the institution of incarceration)

I certify that the applicant __Vu K. Nguyen__,
(NAME OF INMATE)

__A# 25-127-894__,
(INMATE'S CDC NUMBER)

has the sum of $ __32.08__ on account to his/her credit at

__SDCF    CCA__
(NAME OF INSTITUTION)

I further certify that the applicant has the following securities __-0-__

to his/her credit according to the records of the aforementioned institution. I further certify that **during the past six months** the applicant's *average monthly balance* was $ __25.84__,

and the *average monthly deposits* to the applicant's account was $ __.74__.

ALL PRISONERS **MUST** ATTACH A CERTIFIED COPY OF THEIR TRUST ACCOUNT STATEMENT SHOWING TRANSACTIONS FOR THE SIX-MONTH PERIOD IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT PER 28 U.S.C. § 1915(a)(2).

__7/26/07__
DATE

__[signature]__
SIGNATURE OF AUTHORIZED OFFICER OF INSTITUTION

__Richard C Church__
OFFICER'S FULL NAME (PRINTED)

__Business Manager__
OFFICER'S TITLE/RANK

CIV-67 (Rev. 9/97)   -4-   ::ODMA\PCDOCS\WORDPERFECT\22835\1

INMATE AVERAGE BALANCE WORKSHEET    IM # 25127894    Nguyen, Vu Kheu

Beginning Balance    0.00

| | | DEPOSIT | WITHDRAW | TOTAL | DAILY BALANCE |
|---|---|---|---|---|---|
| Jun | | | | | |
| | 11 | | | 0.00 | 0.00 |
| | 12 | | | 0.00 | 0.00 |
| | 13 | 57.45 | | 57.45 | 57.45 |
| | 14 | | | 0.00 | 57.45 |
| | 15 | | | 0.00 | 57.45 |
| | 16 | | | 0.00 | 57.45 |
| | 17 | | | 0.00 | 57.45 |
| | 18 | | | 0.00 | 57.45 |
| | 19 | | | 0.00 | 57.45 |
| | 20 | | | 0.00 | 57.45 |
| | 21 | | | 0.00 | 57.45 |
| | 22 | | -53.88 | -53.88 | 3.57 |
| | 23 | | | 0.00 | 3.57 |
| | 24 | | | 0.00 | 3.57 |
| | 25 | | | 0.00 | 3.57 |
| | 26 | 200.00 | | 200.00 | 203.57 |
| | 27 | | | 0.00 | 203.57 |
| | 28 | | -67.86 | -67.86 | 135.71 |
| | 29 | | | 0.00 | 135.71 |
| | 30 | | | 0.00 | 135.71 |
| | | **257.45** | **-121.74** | | **1,345.60**    67.28 |
| Jul | | | | | |
| | 1 | | | 0.00 | 135.71 |
| | 2 | | | 0.00 | 135.71 |
| | 3 | | | 0.00 | 135.71 |
| | 4 | | | 0.00 | 135.71 |
| | 5 | | | 0.00 | 135.71 |
| | 6 | | -34.58 | -34.58 | 101.13 |
| | 7 | | | 0.00 | 101.13 |
| | 8 | | | 0.00 | 101.13 |
| | 9 | | | 0.00 | 101.13 |
| | 10 | | | 0.00 | 101.13 |
| | 11 | | | 0.00 | 101.13 |
| | 12 | | | 0.00 | 101.13 |
| | 13 | | -34.31 | -34.31 | 66.82 |
| | 14 | | | 0.00 | 66.82 |
| | 15 | | | 0.00 | 66.82 |
| | 16 | | | 0.00 | 66.82 |
| | 17 | | | 0.00 | 66.82 |
| | 18 | | | 0.00 | 66.82 |
| | 19 | | | 0.00 | 66.82 |
| | 20 | | -34.74 | -34.74 | 32.08 |
| | 21 | | | 0.00 | 32.08 |
| | 22 | | | 0.00 | 32.08 |
| | 23 | | | 0.00 | 32.08 |
| | 24 | | | 0.00 | 32.08 |
| | 25 | | | 0.00 | 32.08 |
| | 26 | | | 0.00 | 32.08 |
| | 27 | | | 0.00 | 32.08 |
| | 28 | | | 0.00 | 32.08 |
| | | **0.00** | **-103.63** | | **2,142.92**    82.42 |

| Balance average | Days 46 | 3,488.52 **75.84** | Months | |
| Deposit average | Days 46 | 257.45 **0.74** | Months | |

# TRUST ACCOUNT WITHDRAWAL AUTHORIZATION
### (Incarcerated applicants only)

(This form **MUST** be completed by the <u>prisoner</u> requesting to proceed <u>in forma pauperis</u>. An incomplete "Trust Account Withdrawal Authorization Form," or "Prison Certificate" will result in automatic denial of the prisoner's request to proceed <u>in forma pauperis</u>.)

I, __Vu Nguyen / A# 25-127-894__, request and authorize the agency holding me in
(Name of Prisoner/ CDC No.)

custody to prepare for the Clerk of the United States District Court for the Southern District of California, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) activity at the institution where I am incarcerated.

I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust fund account (or institutional equivalent) pursuant to any future orders issued by the Court relating to this civil action pursuant to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321 (1996).

This authorization is furnished in connection with a civil action filed in the Southern District of California, and I understand that, pursuant to 28 U.S.C. §§ 1914 and 1915(b)(1), the total amount of filing fees for which I am obligated is either ☐ $350 (civil complaint) or ☑ $5 (habeas corpus petition) (check one). I also understand that this fee will be debited from my account regardless of the outcome of this action. This authorization shall apply to any other agency into whose custody I may be transferred.

DATE 7-25-07                     _____
                                 SIGNATURE OF PRISONER

CIV-67 (Rev. 9/97)                           -5-                    ::ODMA\PCDOCS\WORDPERFECT\22835\1